IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN OSBORNE, BRIAN COLEMAN, EVE COLEMAN, HELEN MILLHOUSE, and MATTHEW D. BROWN, as participants in and on behalf of the Kraft Heinz Savings Plan, and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) | Case No. 20-cv-2256 |
| Plaintiffs, | )<br>)<br>) | Judge Robert M. Dow, Jr. |
| v. | )<br>) | |
| EMPLOYEE BENEFITS ADMINISTRATION BOARD OF KRAFT HEINZ, BERNARDO HEES, PAULO BASILIO, DAVID KNOPF, ANDREW STONER, RISHI NATARAJAN, YANG XU, JAMES LIU, GREG GUIDOTTI, CHRISTOPHER SKINGER, and VINCE GARLATI, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion to dismiss Plaintiffs' amended complaint for failure to state a claim [92] filed by Defendants. For the reasons set forth below, the motion [92] is granted without prejudice. Plaintiffs are given until September 13, 2021 to file a second amended complaint, if they are able to do so consistent with this opinion and FRCP 11. A telephonic status hearing is set for September 21, 2021 at 9:00 a.m. Participants should use the Court's toll-free, call-in number 877-336-1829, passcode is 6963747.

**I.  Background[1]**

John Osborne, Brian Coleman, Eve Coleman, Helen Millhouse and Matthew D. Brown (collectively, "Plaintiffs") bring this putative class action on behalf of themselves and other

---

[1] For the purposes of this motion, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

similarly situated current and former employees of Kraft Heinz Food Company ("Kraft Heinz" or the "Company") who were participants in and beneficiaries of various defined contribution retirement plans sponsored by Kraft Heinz, and who invested their retirement savings in Kraft Heinz stock through the Plan during the period of May 4, 2017, through February 21, 2019, inclusive (the "Class Period").

Kraft Heinz is an American food and beverage company created in 2015 by the merger of the H. J. Heinz Company ("Heinz") and Kraft Foods, Inc. ("Kraft"). [45 at ¶ 45.] The Company offers eligible hourly and salaried employees the chance to participate in the Kraft Heinz Savings Plan (the "Plan"), a defined contribution retirement plan covered by the Employee Retirement Income Security Act ("ERISA"). [*Id.* at ¶ 35.] The Plan contains an employee stock option ("ESOP") which permits participants to invest in Kraft Heinz common stock. [*Id.*]

Defendant Employee Benefits Administration Board of Kraft Heinz (the "EBAB") is a committee established by the governing documents of the Plan and is a "named fiduciary" of the Plan according to those documents. The EBAB is a Plan fiduciary pursuant to ERISA §3(21)(A), 29 U.S.C. § 1002(21)(A), by virtue of having discretionary authority and control regarding the management of the Plan or the Plan's assets or both. [*Id.* at ¶ 26.] The EBAB "is responsible for selecting the investment options in which participants elect to invest their Plan accounts, appointing investment managers to manage one or more of the investment options and monitoring the performance of the investment options." [*Id.* at ¶ 38.] In addition, the EBAB is responsible for the day-to-day administration and investment operations of the Plan as well as the non-investment operations of the Plan. [*Id.*] During the Class Period, Defendants Andrew Stoner, Rishi Natarajan, Yang Xu, James Liu, Greg Guidotti, Christopher Skinger, Vince Garlati were members of the EBAB and Plan fiduciaries pursuant to ERISA. Defendants Bernardo

Hees, Paulo Basilio, and David Knopf had fiduciary responsibility for appointing, monitoring, and removing members of the EBAB. [45 at ¶¶ 17-35.]

The 2015 Kraft-Heinz merger was supposed to bring substantial opportunities for synergies and cost savings to the combined company. [*Id*. at ¶ 51.] To make a long story short, over the next four years, that did not happen. Plaintiffs allege that Kraft Heinz pursued a strategy of "harsh cost-cutting to create earnings growth," but those measure damaged the Company's brands and drained its resources. [*Id*. at ¶¶ 69-70.] Between 2015 and 2019, Kraft Heinz experienced serious declines in sales of its legacy brands and knew, or should have known, that the value of its brands was likely impaired.

On February 21, 2019, Kraft Heinz announced its earnings for the fourth quarter of 2018 and disclosed that the Company took an impairment charge of $15.4 billion to lower the carrying amount of goodwill in its U.S. Refrigerated and Canada Retail reporting units and the carrying amount of certain intangible assets. The impairment charge resulted in a net loss attributable to common shareholders of $12.6 billion and diluted loss per share of $10.34. [*Id*. at ¶ 72.] The same day, Kraft Heinz also disclosed that it had received a subpoena from the SEC in October 2018 regarding to the Company's procurement function. As a result of the SEC investigation, the Company conducted its own internal investigation, which resulted in the Company recording a $25 million increase to costs of products sold. [*Id.* at ¶ 73.]

Plaintiffs allege that, during the Class Period, Defendants knew or should have known that Kraft Heinz was recording inaccurate amounts of goodwill and intangible assets and that, as a result, the Company's stock price was artificially inflated. [Id. at ¶¶ 76-78.] They fault Defendants for not disclosing, or trying to cause the Company to disclose, information that would have corrected the allegedly misleading statements that drove up the Company's stock

price. Plaintiffs claim that Defendants EBAB, Stoner, Natarajan, Xu, Liu, Guidotti, Skinger and Garlati breached their respective duties of prudence imposed by ERISA, 29 U.S.C. § 1104(a)(1). They further claim that Defendants Hees, Basilio, and Knopf breached their respective duties to monitor the EBAB and its members.

Presently before the Court is Defendants' Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). Defendants' motion is granted.

## II.     Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

**III.     Analysis**

**A.     Count I: Duty of Prudence**

ERISA requires fiduciaries to manage plan assets "with the care, skill, prudence, and diligence * * * that a prudent man acting in a like capacity and familiar with such matters would use" under the circumstances. 29 U.S.C. § 1104(a)(1)(B).  When ESOP fiduciaries are alleged to have inside information that a stock is overpriced, they face an unusual conflict between securities laws and their duty of prudence. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 423 (2014); see also *Amgen Inc. v. Harris*, 577 U.S. 308 (2016).  The Supreme Court established a demanding pleading standard for violation of the duty of prudence claims based on allegations that an ESOP fiduciary possessed inside information:

> To state a claim for breach of the duty of prudence on the basis of inside information, a plaintiff must plausibly allege an alternative action that the defendant could have taken that would have been consistent with the securities laws and that a prudent fiduciary in the same circumstances would not have viewed as more likely to harm the fund than to help it.

*Dudenhoeffer*, 573 U.S. at 428.

Three considerations "inform the requisite analysis." *Id.*  First, ERISA does not require a fiduciary to break the law, including the securities laws. *Id.* at 428–29.  Second, "where a complaint faults fiduciaries * * * for failing to disclose that information to the public so that the stock would no longer be overvalued * * * courts should consider the extent to which an ERISA-based obligation * * * to disclose inside information to the public could conflict with the complex insider trading and corporate disclosure requirements imposed by the federal securities laws or with the objectives of those laws." *Id.* at 429.  Third, the court "should also consider whether the complaint has plausibly alleged that a prudent fiduciary in the defendant's position could not have concluded that * * * publicly disclosing negative information would do more

5

harm than good to the fund by causing a drop in the stock price and a concomitant drop in the value of the stock already held by the fund." *Id.* at 429–30. The burden that the *Dudenhoeffer* standard places on plaintiffs is significant. See*, e.g., Whitley v. BP, P.L.C.*, 838 F.3d 523, 529 (5th Cir. 2016).

Plaintiffs allege that, by the beginning of the Class Period, Defendants EBAB, Stoner, Natarajan, Xu, Liu, Guidotti, Skinger and Garlati, as corporate insiders, knew or should have known negative information regarding the value of Kraft Heinz's goodwill and intangibles that ultimately led to the February 2019 impairment. [*Id.* at ¶ 70.] They also assert that these Defendants should have caused or tried to cause the Company to disclose that negative information earlier in order to correct the stock's artificially inflated price, and that failing to do so was a breach of their ERISA duties of prudence and loyalty. [*Id.* at ¶¶ 79, 91.] They (somewhat baldly) assert that the disclosure of the true value of Kraft Heinz's goodwill and intangibles was inevitable [*id.* at ¶ 93] and that both the hit to the Company's stock price and length of its recovery would have been less damaging had the disclosure come earlier. [*Id.* at ¶ 91, 97-98.] The amended complaint also cites general economic principles regarding the effect of longer frauds on the overvaluation of an asset and on reputational damage. [*Id.* at ¶ 91, 97.] For these reasons, Plaintiffs allege, Defendants could not reasonably believe that earlier disclosure would do more harm than good to the Plan or its participants. [*Id.* at ¶99.]

The amended complaint's allegations fail to meet the *Dudenhoeffer* standard, specifically the requirement that a plaintiff plead that a prudent fiduciary could not conclude that public disclosure would do more harm than good to the Plan. "Though Seventh Circuit has yet to reach the issue, the overwhelming majority of circuit courts to consider an imprudence claim based on inside information post-*Dudenhoeffer* rejected the argument that public disclosure of negative

6

information is a plausible alternative." *Burke v. Boeing Co.*, 2020 WL 6681338 (N.D. Ill. Nov. 12, 2020) (citing *Dormani v. Target Corp.*, 970 F.3d 910, 915 (8th Cir. 2020)); *Allen v. Wells Fargo & Co.*, 967 F.3d 767, 773–75 (8th Cir. 2020); *Martone v. Robb*, 902 F.3d 519, 526 (5th Cir. 2018); *Singh v. RadioShack Corp.*, 882 F.3d 137, 148–49 (5th Cir. 2018); *Graham v. Fearon*, 721 Fed. Appx. 429, 435–36 (6th Cir. 2018); *Laffen v. Hewlett-Packard Co.*, 721 Fed. Appx. 642, 644 (9th Cir. 2018); *Saumer v. Cliffs Natural Resources Inc.*, 853 F.3d 855, 864–65 (6th Cir. 2017); *Whitley*, 838 F.3d at 529; *Rinehart v. Lehman Bros. Holdings Inc.*, 817 F.3d 56, 68 (2d Cir. 2016); *Loeza v. John Does 1–10*, 659 Fed. Appx. 44, 45–46 (2d Cir. 2016).

First, the amended complaint is fuzzy on exactly what Plaintiffs believe Defendants should have disclosed and when. While Plaintiffs need not be overly specific, the vagueness of their position—at some point during the Class Period, Defendants should have disclosed something, which would have corrected either some or all of the alleged misstatements—makes it difficult for the Court to determine whether there was an "alternative action that the defendant could have taken" that a prudent fiduciary "would not have viewed as more likely to harm the fund than to help it." *Dudenhoeffer*, 573 U.S. at 428.

Furthermore, even granting that Kraft Heinz stock is traded in an efficient market, it is possible that public disclosure would have "entailed releasing incomplete or inaccurate information which could have spooked the market and resulted in an outsized drop in the value of [the Company's] stock." *Burke*, 2020 WL 6681338 (N.D. Ill. Nov. 12, 2020). That would have harmed the Plan, Plan participants holding the stock through that period, and Plan participants planning to sell their stock during that period. *Dudenhoeffer*, 573 U.S. at 429–30 (instructing courts to consider whether "publicly disclosing negative information ... [could]

caus[e] a drop in the stock price and a concomitant drop in the value of the stock already held by the fund")

Additionally, the amended complaint's allegations of harm rely heavily on general economic principles that, when fraud goes on longer, "the inflation [of the price of the asset] will be overstated for a much larger group of purchasers" [45 at ¶ 91] and that "reputational damage" from a longer period of inflated stock prices increases the longer the stock price is artificially inflated [*id*. at ¶ 97.]. Such generic assertions do not satisfy the applicable pleading standard. See, *e.g.*, *Dormani*, 970 F.3d at 915; *Allen v. Wells Fargo & Co.*, 967 F.3d 767, 774 (8th Cir. 2020); *Martone*, 902 F.3d at 526; *Graham*, 721 Fed. Appx. at 436; *Loeza v. John Does 1–10*, 659 Fed. Appx. 44, 46 (2d Cir. 2016). Maybe earlier disclosure would have "corrected" the stock price and mitigated harm to the Plan, or maybe not. The crucial point is that the amended complaint does not adequately allege that some earlier disclosure was so clearly beneficial that a prudent fiduciary could not conclude it would be more likely to harm the Plan than to help it.

Plaintiffs rely heavily on *Jander v. Retirement Plans Committee of IBM*, which allowed a complaint for breach of prudential duty based on failure to disclose to proceed. See 910 F.3d 620 (2d Cir. 2018) *("Jander I"); Jander v. Ret. Plans Committee of IBM*, 140 S. Ct. 592 (2020) ("*Jander II*"); 962 F.3d 85 (2d Cir. 2020) ("*Jander III*"). But *Jander* offers little support here. In addition to running against the great weight of authority on this issue, the *Jander* decision largely hangs on facts not adequately pled in the amended complaint now before the Court. The Second Circuit took the disclosure in *Jander* to be "inevitable" because the company "was likely to sell the business and would be unable to hide its overvaluation from the public at that point." *Jander I*, 910 F.3d at 630. The amended complaint in this case contains no such allegations, and

no facts to support its bare assertion that the impairment of Kraft Heinz's goodwill and intangibles was inevitable. [45 at ¶ 90.]

For these reasons, the amended complaint fails to state a claim in Count I and will be dismissed, without prejudice. Defendants raised other objections to the amended complaint, but because the Court dismisses the amended complaint on grounds described above, it need not address those issues now. Because the dismissal is without prejudice, however, Plaintiffs may, if they choose, amend their complaint to address those issues as well.

### B.     Count II: Duty to Monitor

Count II alleges that Defendants Hees, Basilio, and Knopf breached their fiduciary duty of prudence by failing to monitor EBAB and the other individual defendants. This claim fails because the underlying claim for breach of fiduciary duty in Count I fails. "Plaintiffs cannot maintain a claim for breach of the duty to monitor * * * absent an underlying breach of the duties imposed under ERISA" by the Plan Committee Defendants. *Rinehart v. Lehman Bros. Holdings Inc.*, 817 F.3d 56, 68 (2d Cir. 2016) (quoting *Rinehart v. Akers*, 722 F.3d 137, 154 (2d Cir. 2013)); *Brown v. Medtronic, Inc.*, 628 F.3d 451, 461 (8th Cir. 2010); see also *Catalfamo v. Sears Holding Corp.*, 2018 WL 10560956, at *5 (N.D. Ill. Aug. 21, 2018); *Rogers v. Baxter Int'l Inc.*, 710 F. Supp. 2d 722, 740 (N.D. Ill. 2010); *In re Harley-Davidson, Inc. Sec. Litig.*, 660 F. Supp. 2d 953, 968 (E.D. Wis. 2009). Count II is dismissed without prejudice as well.

### IV.    Conclusion

For the foregoing reasons, Defendants' motion to dismiss [92] is granted without prejudice. Plaintiffs are given until September 13, 2021 to file a second amended complaint, if they are able to do so consistent with this opinion and FRCP 11. A telephonic status hearing is

9

set for September 16, 2021 at 9:30 a.m. Participants should use the Court's toll-free, call-in number 877-336-1829, passcode is 6963747.

Date: August 23, 2021

Robert M. Dow, Jr.
United States District Judge